**LEVI & KORSINSKY LLP**
Eduard Korsinsky
30 Broad Street, 24th Floor
New York, New York 10004
Tel.:  (212) 363-7500
Fax:  (212) 363-7171
Email: ek@zlk.com

*Counsel for Movant Red Oak Funds*
*and Proposed Lead Counsel for the Class*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDI ROPER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SITO MOBILE LTD., JERRY HUG, and KURT STREAMS,<br><br>Defendants. | Case No. 2:17-cv-01106-ES-MAH<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE RED OAK FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**MOTION DATE: May 15, 2017** |

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................1

II.     STATEMENT OF FACTS .....................................................................3

III.    ARGUMENT .........................................................................................5

    A.  The PSLRA Standard for Appointing Lead Plaintiff ...........................5

    B.  The Red Oak Funds are the "Most Adequate Plaintiff" under the Exchange Act ........................................................................................6

        1.  The Red Oak Funds Are Willing to Serve as Class Representative .........................................................................................................7

        2.  The Red Oak Funds Have the Largest Financial Interest in the Relief Sought by the Class.............................................................7

    C.  The Red Oak Funds Are Qualified Under Rule 23 ..............................9

        1.  The Red Oak Funds' Claims are Typical of the Claims of the Class ...................................................................................................11

        2.  The Red Oak Funds Will Fairly and Adequately Represent the Class' Interests ............................................................................12

        3.  This Court Should Approve the Red Oak Funds' Choice of Counsel ...................................................................................................13

IV.    CONCLUSION ....................................................................................14

i

**TABLE OF AUTHORITIES**

**Cases**

*In re Cendant Corp. Litig.*, 2

    64 F.3d 201 (3d Cir. 2001) ................................................................ 8, 10

*In re Merck & Co., Inc. Securities*,

    No. 05-cv-1151, 2013 U.S. Dist. LEXIS 13511 (D.N.J. Jan. 20, 2013) .............11

*In re Nice Sys. Sec. Litig.*,

    188 F.R.D. 206 (D.N.J. 1999) ..............................................................8

*In re Olsten Corp. Sec. Litig.*,

    3 F. Supp. 2d 286 (E.D.N.Y. 1998).......................................................8

*In re Opnext, Inc.*,

    No. 08cv-0920, 2008 U.S. Dist. LEXIS 60678 (D.N.J. Aug. 6, 2008)........... 8, 10

*In re PharmaPrint, Inc. Sec. Litig.*,

    No. 00-cv-00061, 2002 U.S. Dist. LEXIS 19845 (D.N.J. April 17, 2002)..... 11, 12

*Lax v. First Merch. Acceptance Corp.*,

    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .................................8

*Sklar v. Amarin Corp. PLC*,

    Civil Action No. 13-cv-06663 (FLW)(TJB), 2014 WL 3748248 (D.N.J. July 29, 2014) ................................................................................... 8, 10

**Statutes**

15 U.S.C. § 78u-4........................................................................... passim

Fed. R. Civ. P. 23(a).................................................................... 10, 12

The Red Oak Fund, LP, The Red Oak Long Fund LP, The Red Oak Institutional Founders Long Fund, and Pinnacle Opportunities Fund, LP (collectively, the "Movants" or the "Red Oak Funds"), by counsel, respectfully submit this Memorandum of Law pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for entry of an order: (i) appointing the Red Oak Funds as Lead Plaintiff in the in the above-captioned action ("Action"); (ii) approving the Red Oak Funds' selection of the law firm of Levi & Korsinsky LLP ("Levi & Korsinsky") to serve as Lead Counsel under 15 U.S.C. § 78u-4(a)(3)(B)(v); and (iii) granting such other and further relief as the Court may deem just and proper.

## I.    INTRODUCTION

The Action is brought pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. § 78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, against: SITO Mobile Ltd. ("SITO" or the "Company"); the Company's Chief Executive Officer ("CEO") and Principal Executive Officer, Jerry Hug ("Hug"); the Company's Chief Financial Officer, and Principal Financial & Accounting Officer, Kurt Streams ("Streams") for violations of federal securities laws on behalf of a class of purchasers of the common stock

1

of SITO between February 9, 2016, and January 2, 2017, inclusive (the "Class Period").

Pursuant to the PSLRA, this Court must appoint the member of the class "most capable of adequately representing the interests of class members" to serve as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). The Red Oak Funds believe they are entitled to appointment as Lead Plaintiff as the movants with the largest financial interest that otherwise meets the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure. During the Class Period, the Red Oak Funds sustained approximately $727,910.44 in losses as a result of purchasing SITO securities at artificially inflated prices.[1] Movants also respectfully request that the Court approve Levi & Korsinsky as Lead Counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").

---

[1] *See* Declaration of Eduard Korsinsky in Support of the Red Oak Funds' Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, dated April 18, 2017 ("Korsinsky Decl."), Ex. A (Movant's PSLRA certification); Ex. B (Movant's loss chart).

## II.   STATEMENT OF FACTS

SITO is a company which specializes in mobile location-based advertising and mobile messaging.  Compl. ¶ 3.[2]  SITO offers a platform serving businesses, advertisers and brands, and allowing them to create real-time targeted content based on location, interests, behaviors and loyalty. ¶ 4.

At the beginning of the Class Period, the Company issued a press release announcing the Company's quarterly fiscal results for the period ended December 31, 2015.  ¶ 26. In this press release, Defendant Hug touted the Company's "great start in 2016" with its performance being driven by "increasing momentum in out Media Placement business[.]  *Id.*  Later that day during the earnings conference call, Defendant Hug stated that the Company's product SITO Elect would allow the SITO to compete for the increasing amount of campaign advertising dollars as more advertisements moved to mobile from television.  ¶ 27.

On May 16, 2016, the Company issued a press release announcing the Company's quarterly fiscal results for the period ended March 31, 2016.  ¶ 29. In this press release, Defendant Hug touted the Company's "record bookings" and "strong growth in bookings" for the Company's Media Placement business.  *Id.*

---

[2] Citations to "¶ __" are to paragraphs of the Complaint For Violations of the Federal Securities Laws (the "Complaint") filed in the Action.  The facts set forth in the Complaint are incorporated herein by reference.

Later that day during the earnings conference call, Defendant Hug expounded that SITO Elect was seeing "bookings starting to build." ¶ 30.

On August 15, 2016, the Company issued a press release announcing the Company's quarterly fiscal results for the period ended June 30, 2016.  ¶ 33. In this press release, Defendant Hug touted the Company's continued revenue growth.  *Id.* Later that day during the earnings conference call, Defendant Hug elaborated on the growth trends stating "[n]ow, we are building bookings as the fall season approaches and we expect growth to continue through the holiday season" and further "expect Q4 to grow sequentially from Q3." ¶ 34.

On November 14, 2016, the Company issued a press release announcing the Company's quarterly fiscal results for the period ended September 30, 2016.  ¶ 38. In this press release, Defendant Hug touted the Company's continued revenue growth.  *Id.*  Later that day during the earnings conference call, Defendant Hug touted "[o]ur media placement business once again delivered stellar year-over-year growth . . .  We added new customers and  increased total campaigns while also adding more partners to our data ecosystem. Our RFP pipeline is growing and our pool of opportunities is increasing . . . ." ¶ 39. Defendant Streams further added that "Q4 is seasonally our stronger quarter in the advertising business and it's that way for SITO as well.  So you should think of it that way, we think it's going to be strong year over year.  It's also going to be you know it's a strong seasonal quarter."  ¶ 42.

4

Before the market opened on January 3, 2017, the truth emerged when the Company announced through a press release its preliminary media placement revenues results for the quarter and year ended December 31, 2016.  ¶ 45.  This press release announced that the Company's fourth quarter media placement was expected to be in the range of $7.3 - $7.6 million" with Defendant Hug stating that they had "clearly underestimated the effects of this year's election on our clients' campaign spending."  On this news, the price of SITO stock declined from a closing share price of $3.69 per share on December 30, 2016 to close at $2.50 per share on January 3, 2017, a drop of approximately 32%, on exceptionally heavy trading volume.  ¶ 46.

## III.   ARGUMENT

### A. The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see* 15 U.S.C. § 78u-4(3)(B).  Specifically, within 20 days after the date on which a class action is filed, the plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

(I)    of the pendency of the action, the claims asserted therein, and the purported class period; and

(II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiff or purported class members to serve as Lead Plaintiff in response to any such notice within 90 days after the date of publication of the notice. 15 U.S.C. § 78u-4(a)(3)(B). Under the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person which:

(aa)    has either filed the complaint or made a motion in response to a notice . . .;

(bb)    in the determination of the court, has the largest financial interest in the relief  sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of        Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**B.  The Red Oak Funds are the "Most Adequate Plaintiff" under the Exchange Act**

The Red Oak Funds respectfully submit that they are the "most adequate plaintiff" because they have complied with the PSLRA procedural requirements, have the largest financial interest of any movant, and satisfy Rule 23's typicality and adequacy requirements.  Further, the Red Oak Funds have selected and retained counsel experienced in the prosecution of securities class actions to represent the

proposed class.  *See* Korsinsky Decl., Ex. D (Firm Resumé of Levi & Korsinsky). Accordingly, the Red Oak Funds satisfy the PSLRA's filing requirements for seeking appointment as lead plaintiff and, therefore should be appointed Lead Plaintiff.

### 1. The Red Oak Funds Are Willing to Serve as Class Representative

On February 17, 2017, Plaintiff in the action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Defendants and which advised putative class members that they have until April 18, 2017 to file a motion to seek appointment as a Lead Plaintiff in the action.[3]  The Red Oak Funds have reviewed the complaint filed in the pending Action and have timely filed this motion pursuant to the Notice.

### 2. The Red Oak Funds Have the Largest Financial Interest in the Relief Sought by the Class

Under the Exchange Act, a rebuttable presumption exists whereby the movant with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be

---

[3] The Action was filed in this Court on February 17, 2017.  Also on February 17, 2017, the Notice was published over *Globe NewsWire*, a widely circulated national business-oriented wire service.  *See* Korsinsky Decl., Exhibit C.

the most adequate plaintiff to lead the action.  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Sklar v. Amarin Corp. PLC*, Civil Action No. 13-cv-06663 (FLW)(TJB), 2014 WL 3748248, at *4 (D.N.J. July 29, 2014); *see also In re Opnext, Inc.*, No. 08cv-0920, 2008 U.S. Dist. LEXIS 60678 (D.N.J. Aug. 6, 2008).  In determining the "largest financial interest" for purposes of lead plaintiff appointment, courts in the Third Circuit consider (1) the number of shares that the movants purchased during the putative class period; (2) the total net funds expended by the plaintiff during the class period; and (3) the approximate losses suffered by the plaintiff. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) ("[W]e agree with the many district courts that have held that courts should consider, among other things: (1) the number of shares that the movants purchased during the putative class period; (2) the total net funds expended by the plaintiff during the class period; and (3) the approximate losses suffered by the plaintiff (citing *Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); *In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 217 (D.N.J. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (same)"); *see also Sklar*, 2014 WL 3748248, at *4.

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price

8

paid for the shares and the greater of the price they sold the shares or the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

During the Class Period, the Red Oak Funds sustained losses in the amount of approximately $727,910.44 as a result of purchasing SITO common stock at artificially inflated prices. *See* Korsinsky Decl., Ex. B. The Red Oak Funds are not aware of any other movant with a larger financial interest and believe they have the largest financial interest of any lead plaintiff movants. Therefore, the Red Oak Funds are presumptively entitled to appointment as the Lead Plaintiff.

**C. The Red Oak Funds Are Qualified Under Rule 23**

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

(1)     the class is so numerous that joinder of all members is impracticable;

(2)     there are questions of law or fact common to the class;

(3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)     the representative parties will fairly and adequately protect the interests of the class.

9

Fed. R. Civ. P. 23(a).

For purposes of appointing lead plaintiff, the determination of whether the movants with the largest interest in the case otherwise satisfies Rule 23 "should be confined to determining whether the movants have made a prima facie showing of typicality and adequacy." *Sklar*, 2014 WL 3748248, at \*5, citing *In re Cendant Corp. Litig.*, 264 F.3d at 262.  The presumption that the movants with the largest financial interest are the most adequate plaintiff to lead the action may be rebutted only upon proof that the movants (1) will not fairly and adequately protect the interests of the class, or (2) are subject to unique defenses that render such movant incapable of adequately representing the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II), *In re Opnext, Inc.*, 2008 U.S. Dist. LEXIS 60678, at \*7- 10; *see also Sklar*, 2014 WL 3748248, at \*4.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representatives. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

As detailed below, the Red Oak Funds satisfy the typicality and adequacy requirements of Rule 23(a), thereby justifying their appointment as Lead Plaintiff in this Action.

### 1. The Red Oak Funds' Claims are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when (1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, and (2) the claims are based on the same legal theory. *See In re Merck & Co., Inc. Securities*, No. 05-cv-1151, 2013 U.S. Dist. LEXIS 13511, at *39-40 (D.N.J. Jan. 20, 2013), *In re PharmaPrint, Inc. Sec. Litig.*, No. 00-cv-00061, 2002 U.S. Dist. LEXIS 19845, at *16 (D.N.J. April 17, 2002).

The claims asserted by the Red Oak Funds are based on the same legal theory and arise out of the same course of events as the other purported class members' claims. The Red Oak Funds purchased common stock of SITO, as did each member of the proposed class, at prices artificially inflated by Defendants' false and misleading statements and was damaged thereby. Thus, the Red Oak Funds satisfy the typicality requirement of Rule 23(a).

### 2.  The Red Oak Funds Will Fairly and Adequately Represent the Class' Interests

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). A movant can demonstrate adequacy by showing that "(a) the [movant's] attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the [movant] must not have interests antagonistic to those of the class." *In re PharmaPrint, Inc. Sec. Litig.*, 2002 U.S. Dist. LEXIS 19845, at \*16-17.   Here, the Red Oak Funds' interests are clearly aligned with the members of the proposed class.  Not only is there no evidence of any antagonism between the Red Oak Funds' interests and those of the class, but the Red Oak Funds have a significant and compelling interest in prosecuting the Action based on the large financial losses they have suffered as a result of the wrongful conduct alleged in the Action.  This motivation, combined with the Red Oak Funds' identical interest with the members of the Class, demonstrates that the Red Oak Funds will vigorously pursue the interests of the Class.  As detailed above, the Red Oak Funds' claims raise similar questions of law and fact as claims of the members of the class, and the Red Oak Funds' claims are typical of the members of the class.  Further, the Red Oak Funds have demonstrated their adequacy and willingness to serve as and assume the responsibilities of a lead plaintiff, as reflected in their signed certification.  *See* Korsinsky Decl., Ex. A.   Having suffered

substantial losses, the Red Oak Funds will be a zealous advocate on behalf of the class.

In addition, the Red Oak Funds have selected Levi & Korsinsky – counsel highly experienced in prosecuting securities class actions – to represent them. *See* Korsinsky Decl., Ex. D.  Thus, the close alignment of interests between the Red Oak Funds and other class members, and the Red Oak Funds' strong desire to prosecute the Action on behalf of the class, provide ample reason to grant the motion for appointment as Lead Plaintiff in the Action.

Accordingly, at this stage of the proceedings, the Red Oak Funds have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  In addition, because the Red Oak Funds have sustained the largest amount of losses from Defendants' alleged wrongdoing, they are, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

### 3.  This Court Should Approve the Red Oak Funds' Choice of Counsel

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Red Oak Funds have retained Levi & Korsinsky to file moving papers on behalf of themselves seeking appointment as Lead Plaintiff and to serve as lead counsel to

pursue this litigation on behalf of the Red Oak Funds and the class.  Levi & Korsinsky attorneys have extensive experience in the area of securities litigation and have successfully prosecuted numerous securities class actions on behalf of injured investors.  *See* Korsinsky Decl., Ex. D.

## IV.    CONCLUSION

The Red Oak Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Red Oak Funds respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of counsel, and grant such other relief as the Court may deem just and proper.

Dated: April 18, 2017                    Respectfully submitted

**LEVI & KORSINSKY LLP**

/s/ Eduard Korsinsky
Eduard Korsinsky
30 Broad Street, 24th Floor
New York, New York 10004
Tel.:  (212) 363-7500
Fax:  (212) 363-7171
Email: ek@zlk.com

 -and-

Nicholas I. Porritt
Adam M. Apton
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
Tel: (202) 524-4290
Fax: (202) 333-2121
Email: nporritt@zlk.com
Email: aapton@zlk.com

14

*Counsel for Movant Red Oak Funds and Proposed Counsel for the Class*

15