# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SANDI ROPER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** )<br>)<br>)<br>) | |
| **PLAINTIFF,** ) | **NO. 2:17-CV-01106-ES-MAH** |
| )<br>**V.** )<br>) | **CLASS ACTION** |
| **SITO MOBILE, LTD.,** *ET. AL.***,** )<br>) | |
| **DEFENDANTS.** )<br>)<br>)<br>)<br>) | |

# FINAL JUDGMENT AND ORDER OF DISMISSAL
# WITH PREJUDICE

This matter came before the Court for hearing pursuant to an Order of this Court, dated November 7, 2019, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement, dated as of July 31, 2019 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Final Order and Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of this Litigation and over all parties to this Litigation, including all Class Members.

3. The Court hereby finally certifies a Class defined as: "all Persons who purchased or otherwise acquired the common stock of SITO Mobile between August 15, 2016 and January 2, 2017, inclusive, excluding Defendants, SITO's officers and directors during the Class Period, and their immediate families and affiliates, and any firm or entity in which any Defendant has or had a controlling interest.  Also excluded from the Class are those Persons who validly and timely request exclusion from the Class."

4. With respect to the Class, this Court finds solely for purposes of

effectuating this settlement that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.   The Notice of Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort along with publication of the Summary Notice.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal

Rule of Civil Procedure 23 and the requirements of due process.

6. The terms and provisions of the Stipulation were negotiated by the parties at arm's length and were entered into by the parties in good faith.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation as fair, reasonable, and adequate as to the Class, and directs that the settlement by consummated in accordance with the terms and conditions set forth in the Stipulation.

8. The Plan of Allocation, as described in the Notice and Publication Notice, is hereby approved as fair, reasonable and adequate. Any order, proceeding, appeal, modification or change relating to the Plan of Allocation or any fee and expense award shall in no way disturb or affect the finality of this Judgment, and shall be considered separate from this Judgment.

9. Upon the Effective Date, the Lead Plaintiff and each and every Class Member, for themselves and for any Person claiming now or in the future through or on behalf of them, shall be deemed to have, and by operation of the Judgment entered in the Litigation shall have, fully, finally, and forever waived, released, relinquished, discharged and dismissed each and every Released Claim against each and every one of the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release form, and whether or not such Class Member shares or seeks to share in the Settlement Fund.

10. Upon the Effective Date, the Lead Plaintiff and each and every Class Member, for themselves and for any Person claiming now or in the future through or on behalf of them, shall covenant or be deemed to have covenanted not to sue the Released Persons with respect to the Released Claims, and shall be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum or other forum, asserting the Released Claims against any of the Released Persons.

11. In accordance with 15 U.S.C. § 78u-4(f)(7), claims for contribution arising out of any Released Claim, including, but not limited to, any claims that arise out of the Litigation (i) by any Person against a Released Person, and (ii) by any Released Defendant against any Person other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.

12. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or

evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of any of the Defendants or their Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.  Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement shall be admissible in any proceeding for any purpose except that the Released Persons may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or similar defense or counterclaim.

14.   Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation; and (e) all other proceedings related to the implementation and enforcement of the terms of the Stipulation and/or settlement.

15. The Court finds that during the course of the Litigation, the Settling Parties, and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. This Litigation is dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation or this Judgment.

18. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court finds for purposes of Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delay in the entry of this Judgment and expressly directs entry of the Judgment.

**SO ORDERED** in the District of New Jersey on April 21, 2020.

_____
THE HON. ESTHER SALAS
UNITED STATES DISTRICT JUDGE